**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLARENCE J. ROBINSON,** | : |
| **Petitioner** | : |
| | : **CIVIL NO. 3:CV-11-1203** |
| **v.** | : |
| | : **(Judge Caputo)** |
| **WARDEN B. A. BLEDSOE,** | : |
| **Respondent** | : |

**M E M O R A N D U M**

**I.   Introduction**

Presently before the Court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241[1] by Clarence Robinson, an inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania.  Doc. 8, Am. Pet.  Since Mr. Robinson has failed to show that a motion under 28 U.S.C. § 2255 is inadequate to present his claims, his § 2241 petition will be dismissed for lack of jurisdiction.

**II.   Background**

In 1996, following a jury trial in the United States District Court of Nebraska, Mr. Robinson was convicted of conspiracy to distribute cocaine base and sentenced to life imprisonment.  Doc. 8, Am. Pet.  On April 4, 1997, the United States District

---

[1] For the convenience of the reader of this Memorandum/Opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

Court of Nebraska affirmed Robinson's conviction on direct appeal. *United States v. Robinson*, 110 F.3d 1320 (8th Cir.), *cert. denied*, 522 U.S. 975, 118 S.Ct. 432, 139 L.Ed.2d 331 (1997). A request for a rehearing and suggestion for rehearing *en banc* were denied by the Eighth Circuit Court of Appeals on May 13, 1997. Mr. Robinson then filed a motion to vacate, set aside, or correct his sentence on May 27, 1998, pursuant 28 U.S.C. § 2255 asserting that his counsel was ineffective at sentencing when he failed to challenge the application of Petitioner's prior convictions for sentencing purposes. Doc. 8, Am. Pet. The United States District Court for the District of Nebraska denied the § 2255 petition on July 24, 2001. *Id*. On August 23, 2002, the Eighth Circuit Court of Appeals affirmed the district court's denial of Mr. Robinson's § 2255 motion. *United States v. Robinson*, 301 F.3d 923 (8th), *cert. denied*, 537 U.S. 1238, 123 S.Ct. 1367, 155 L.Ed.2d 207 (2003).

In February 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California. *Robinson v. Unknown*, No. CVF 06-00149 REC DLB HC, 2006 WL 1774637 (E.D. Cal. Jun. 24, 2006). The petition was dismissed for lack of jurisdiction. *Id.* Mr. Robinson then sought permission from the Eighth Circuit Court of Appeals for allowance to file a successive habeas petition. The Court denied the motion on September 18, 2008. *Robinson v. United States*, No. 08-2163, *slip op.* (8th Cir. Sept. 18, 2008). Undeterred, Petitioner filed a second § 2255 motion to vacate in the United District Court for the District of Nebraska. It was denied on January 27, 2010, as violative of 28 U.S.C. § 2244(3)(A) because Petitioner did not

have permission to file a second or successive § 2255 petition. *United States v. Robinson*, No. 8:95CR79, 2010 WL 427 WL 427990 (D. Neb. Jan. 27, 2010). Mr, Robinson then filed a motion to correct clerical errors related to the information used to establish his prior convictions. The sentencing court denied this motion on March 3, 2010. *See United States v. Robinson*, 8:95-CR-0079 (D. Neb.). His notice of appeal was denied as untimely filed. *Id*.

In June 2010, the Eighth Circuit Court of Appeals again denied Mr. Robinson's second request to file a successive habeas petition. *Robinson v. United States*, No. 10-1414, slip op. (8th Cir. June 23, 2010). On August 2, 2010, Petitioner filed another Motion to Vacate pursuant 28 U.S.C. §2255 with the sentencing court. The sentencing court denied the motion as an unauthorized successive § 2255 petition on January 14, 2011. *United States v. Robinson*, 8:95-CR-0079 (D. Neb.)  The Eighth Circuit Court of Appeals affirmed this decision. *See United States v. Robinson*, No. 11-1584 (8th Cir. May 20, 2011).

In the instant § 2241 petition, filed by Mr. Robinson on October 25, 2011, attempts to challenge the sentencing court's reliance on inaccurate information set forth in his presentence report and its reliance on an non-existent drug conviction used to enhance his sentence. Doc. 8, Am. Pet. He also claims that his appointed counsel failed to present these arguments at his § 2255 evidentiary hearing. *Id*. at p. 9.

Mr. Robinson seeks relief pursuant to 28 U.S.C. § 2241 claiming he is "actually innocent of the sentence ... [as he ] can demonstrate that [his] sentence

was enhanced based on a prior conviction that never existed." *Id*.  He claims that to deny him relief under § 2241 would be a "complete miscarriage of justice."

### III.     Discussion

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court.  *See* 28 U.S.C. § 2255(a)(providing that a defendant "may move the court which imposed the sentence").  The defendant may only invoke section 2241 when he shows under section 2255's "safety valve" provision in section 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539.[2]  Rather, the "safety valve" under § 2255 is extremely narrow and has been held to apply only in unusual

---

[2] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless certain requirements are met.  Robinson has already filed a section 2255 motion, as well as request to file a second or successive 2255 motion, both of which were denied.

situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)(citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). If a defendant improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007).

In the instant case, Clarence Robinson does not argue that he is actually innocent of the alleged crimes for which he was convicted. Rather, he asserts that he is actual innocent of the sentence imposed, in other words, that his sentence is incorrectly enhanced based on an inaccurate presentence report and a non-existent conviction used to enhance his present sentence. However, the Third Circuit Court of Appeals, when considering similar arguments, has found them an insufficient basis for granting relief under § 2241.

> Piggee asserts that he is actually innocent of being a career offender, and that, under *Dorsainvil*, his claim is properly brought under Section 2241. He is mistaken. *Dorsainvil* allows relief under Section 2241 when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. 119 F.3d at 251–52. Piggee makes no allegation that he is actually innocent of the crime for which he was convicted; he only asserts that his sentence was improperly calculated. The *Dorsainvil* exception is therefore inapplicable, and relief under Section 2241 is not available.

*See Piggee v. Bledsoe*, 412 F. App'x 443, 445 (3d Cir. 2011)(non-precedential). Here, Mr. Robinson advances a similar claim of actual innocence of his sentence

-5-

and not the crime for which he was convicted.  Therefore, he is not entitled to relief on his "actual innocence" claim.  Further, he has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  Likewise he does not cite any retroactive change in substantive law that would negate the criminality of his conduct.  Mr. Robinson also does not demonstrate that he had no other opportunity to seek judicial review of the claims he presents.  In this case it is undisputed that Mr. Robinson has raised sentencing arguments in his first § 2255 motion, his subsequent § 2241 petition, and his repeated motions to the Eighth Circuit Court of Appeals for leave to file a second or successive § 2255 motion.  In all of these prior actions, Mr. Robinson's argument was rejected by the courts.  A § 2255 motion is "not inadequate or ineffective merely because the sentencing court does not grant relief." *Cradle,* 290 F.3d at 539.  Accordingly, this Petition must be dismissed for lack of jurisdiction.

  We will issue an appropriate order.

                **/s/ A. Richard Caputo**
                **A. RICHARD CAPUTO**
                **United States District Judge**

**Date: November 21, 2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLARENCE J. ROBINSON,** : | |
| : | |
| **Petitioner** : | |
| : | **CIVIL NO. 3:CV-11-1203** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **WARDEN B. A. BLEDSOE,** : | |
| : | |
| **Respondent** : | |

# O R D E R

**AND NOW**, this __21st__ day of **November, 2011**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 8) is dismissed for lack of jurisdiction.

2. The Clerk of Court is directed to close this case.

                                            **/s/ A. Richard Caputo**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**